**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THADDEUS LOVE, | ) No. CV14-2089-ODW (AS) |
| Petitioner, | ) **ORDER OF DISMISSAL** |
| v. | ) |
| LEROY BACA, SHERIFF FOR LOS ANGELES COUNTY, | ) |
| Respondent. | ) |

**I.**

**INTRODUCTION**

On March 19, 2014, Petitioner Thaddeus Love ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 (Docket Entry No. 1).[1]  On July 1, 2014, Respondent

---

[1] The Petition is on a form used for petitions filed under 28 U.S.C. § 2241 by federal prisoners. (See Pet. 1.)  However, the Court concludes that Petitioner intended to file a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254, because Petitioner is currently in State Custody at a Los Angeles County Jail facility. (See id. at 1.)

1

filed a Motion to Dismiss ("Mot. to Dismiss") (Docket Entry No. 11). On August 8, 2014, Petitioner filed an Opposition to Respondent's Motion to Dismiss. ("Opp.") (Docket Entry No. 13). For the reasons discussed below, the Petition is DENIED and the action is DISMISSED without prejudice.

## II.

### BACKGROUND

On August 13, 1999, Petitioner pled guilty to four counts of robbery (Case No. TA101307), in violation of California Penal Code ("P.C.") § 211, and one count of attempted robbery (Case No. VA054599), in violation of P.C. §§ 664 and 211. (Lodgment 3; Lodgment 5, at 10.) On August 13, 1999, Petitioner was sentenced to ten years and eight months in state prison; however, because the trial court erred in the calculation of Petitioner's prison term, his sentence was subsequently reduced to a term of nine years. (Lodgment 3, at 5.) Petitioner was released on parole for these convictions on February 26, 2004, and was discharged from parole on August 20, 2007. (Lodgment 7, at 3.)

On June 17, 2010, Petitioner was charged (Case No. BA366923) with twenty-one felony counts, including eighteen counts of robbery, in violation of P.C. § 211; one count of false imprisonment, in violation of P.C. § 236; one count of attempted robbery, in violation of P.C. §§ 664 and 211; and one count of assault with a firearm, in violation of P.C. § 245(a)(2). (Lodgment 1, at 1.) While in custody awaiting trial on these new offenses, Petitioner filed three state

habeas petitions and the instant federal petition.  (See Lodgment 1; Lodgment 8; Lodgment 12; Lodgment 14; Pet. at 1.)

On July 8, 2013, Petitioner filed a state habeas petition in the Los Angeles County Superior Court.  (Lodgment 8.)  That petition asserted that, in the course of the pending criminal proceedings, the State breached a plea agreement relating to the 1999 convictions. (Pet. at 4.)  According to Petitioner, the prosecution allegedly promised to consolidate THE COUNTS Petitioner had pleaded guilty to in Case Numbers TA101307 and VA05499 into one single conviction "for all future purposes." (Lodgment 8, at 3.)  Accordingly, Petitioner claimed that he suffered "collateral consequences" from that conviction.  (See id.)  The Superior Court denied the petition, reasoning that Petitioner failed to show a prima facie case for relief, and that he was no longer in custody for those offenses. (Lodgment 9.)[2]

On November 15, 2013, Petitioner filed a state habeas petition in the California Court of Appeal, alleging that the Los Angeles Superior Court violated his due process rights by summarily denying the petition below. (Lodgment 12, at 3.)  On November 21, 2013, the California Court of Appeal denied the petition for failure to state sufficient facts or provide an adequate record demonstrating entitlement to the relief requested. (Lodgment 13.)  On January 2,

---

[2]   On September 6, 2013, Petitioner filed a Motion for Reconsideration, (Lodgment 10).  On September 25, 2013, the Court denied the motion because it found that Petitioner was no longer in custody for the 1999 convictions. (See Lodgment 11.)

2014, Petitioner filed a habeas petition in the California Supreme Court, (Lodgment 14), which was summarily denied on February 11, 2014. (Lodgment 15.)

On March 12, 2014, Petitioner filed the instant Petition.

### III.

### PETITIONER'S CONTENTIONS

The Petition raises four grounds for habeas relief:

1.   Ground One: California's sentencing procedures under the "Three Strikes Law" are inadequate and violate Petitioner's due process rights.

2.   Ground Two: The state courts abused their discretion and violated Petitioner's due process rights when they denied Petitioner's previous habeas petitions.[3]

3.   Ground Three: The Los Angeles County District Attorney's Office breached a negotiated plea agreement made with Petitioner in 1999 in Case Numbers TA101307 and VA054599 by failing to consolidate Petitioner's

---

[3] Although the state habeas petitions purported to challenge Petitioner's 1999 convictions, (Lodgment 8, at 1, 4; Lodgment 12, at 1-2; Lodgment 14, at 1-2), they actually challenged the breach of the plea agreement that allegedly occurred during the state criminal proceedings that are now pending. (Lodgment 8, at 3-6; Lodgment 12, at 3-6; Lodgment 14, at 3-6.) Thus, Ground Two essentially pertains to that breach as well, and not the 1999 convictions.

4

prior   convictions   in   the   course   of   prosecuting
Petitioner on the new offenses.

4.   Ground Four: Petitioner is suffering from "collateral
consequences" from the 1999 prior convictions because
the   prosecution   alleged   in   the   pending   criminal
proceedings   that   each   conviction   constitutes   a
separate prior "strike."

(<u>See</u> Pet. 3-4.)

**IV.**

**DISCUSSION**

Except   under   narrow   circumstances   not   present   here,   federal
courts   abstain   from   interfering   with   pending   state   criminal
proceedings.   <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971); <u>see also</u> 28
U.S.C. § 2283 (prohibiting federal courts from ordinarily enjoining
proceedings   in   state   court).   <u>Younger</u> abstention is appropriate if
the   state   proceeding:   (1)   is   currently   pending;   (2)   involves   an
important state interest; and (3) affords the petitioner an adequate
opportunity   to   raise   constitutional   claims.   <u>See</u> <u>Middlesex Cnty.</u>
<u>Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982).
Here,   abstention   is   required   because   all   three   of   <u>Younger's</u>
requisites are satisfied.

The   first   element   requires   the   state   proceedings   to   have   been
"ongoing at the time the federal action was filed." <u>Beltran v. State</u>

5

of Cal., 871 F.2d 777, 782 (9th Cir. 1988).  It is not necessary for the proceedings to still be ongoing at the time the federal court abstains from adjudicating the matter, so long as the state proceedings were underway before the initiation of the federal proceedings.  Wiener v. Cnty. of San Diego, 23 F.3d 263, 266 (9th Cir. 1994).  The lodged state docket sheet indicates that on the date this federal action was filed, petitioner was still awaiting trial in Los Angeles Superior Court on the new offenses.  (See Lodgment 1 at 21-22.)[4]

The second Younger requirement is met when a criminal prosecution is pending because States have an important interest in protecting the integrity of their criminal proceedings.  See Younger, 401 U.S. at 43-49.  Here, that interest is implicated because Petitioner is currently being prosecuted for robbery, attempted robbery, false imprisonment, and assault with a firearm.  (Lodgment 1.)

The final Younger element requires that Petitioner have an adequate opportunity to address his claims in the state proceedings. Here, Petitioner still has an opportunity to raise constitutional claims (e.g., the instant grounds for habeas relief) in the state court criminal proceedings that are currently pending.  See People v. Superior Court (Romero), 13 Cal. 4th 497, 529 (1996) (holding that trial courts may dismiss prior convictions alleged under the Three

---

[4] According to the latest entry on the docket sheet provided by Respondent, a pretrial conference was scheduled for June 12, 2014. (Lodgment 1 at 29.)

6

Strikes Law), <u>People v. Williams</u>, 17 Cal. 4th 148, 437 (1998) (expanding on <u>Romero</u> and holding that a judge's decision to dismiss "strikes" must be accompanied by reasons entered in the court minutes).[5]

Accordingly, <u>Younger</u> abstention applies to the claims in the instant Petition unless Petitioner can demonstrate that "extraordinary circumstances" warrant federal intervention. <u>Younger</u>, 401 U.S. at 53. "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." <u>Perez v. Ledesma</u>, 401 U.S. 82, 85 (1971) (citing <u>Younger v. Harris</u>, 401 U.S. 37 (1971); <u>Ex Parte Young</u>, 209 U.S. 123 (1908)). Petitioner has not alleged that such circumstances exist. <u>See</u> <u>Opp.</u> Thus, the Court shall abstain from interfering with the state criminal proceeding, and shall not address the merits of Petitioner's claims.

/ /

/ /

/ /

/ /

---

[5] Petitioner asserts that the Ninth Circuit's decision in <u>Davis v. Woodford</u>, 446 F.3d 957 (9th Cir. 2006) requires this Court to pass upon the merits of his claims. (<u>See</u> Opp.) <u>Davis</u> held that a federal court may grant habeas relief to a petitioner whose sentence was enhanced under the Three Strikes Law as a result of the state's failure to honor a plea agreement. <u>See</u> <u>Davis</u>, 446 F.3d at 958. However, <u>Davis</u> is distinguishable because in <u>Davis</u>, the federal petition was filed after the petitioner was convicted and had exhausted all of his appeals. <u>See</u> <u>id.</u>

**V.**

**ORDER**

For all the foregoing reasons, the Petition is DENIED, and this action is DISMISSED without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 19, 2014

___                                        _____

OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

8